# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DeVAUGHEN STRINGFELLOW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 2278 |
| MIKE HOLMES, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss the state law claims in Counts II, III, and IV. For the reasons stated below, the partial motion to dismiss is granted.

## BACKGROUND

Plaintiff DeVaughen Stringfellow (Stringfellow) alleges that he was incarcerated in the Cook County Department of Corrections (Jail). He claims that on June 23, 2012, Defendant Officer James Buckingham (Buckingham) and Defendant Officer Robert Cosimini (Cosimini) made derogatory comments to him and without justification beat him in the Jail. Stringfellow claims that a Lieutenant told him not to say anything about the beating and that if he were to press charges, there would be

1

a retaliation. Stringfellow further contends that the doctor in the Jail provided no care for his injuries and that he submitted grievances asking for a transfer. He alleges that he was eventually transferred to another division and was refused grievance forms.

Additionally, Stringfellow claims that on August 7, 2012, he was taken to Defendant Superintendent Mike Holmes' (Holmes) office. Stringfellow alleges that Holmes told him to forget what had happened and that a Sergeant pushed him against the office wall while raising a fist to his face. Stringfellow contends that after indicating that he wanted to press charges, Holmes took him to a conference room to recount the incident on camera. Stringfellow alleges that he exhausted his administrative remedies by repeatedly filing grievances and internal investigation forms, and that such efforts "persisted into 2013." (Compl. 8).

Stringfellow filed an initial *pro se* complaint on March 28, 2014, and later filed an amended complaint through counsel on October 8, 2014. The amended complaint includes claims against Buckingham and Cosimini alleging the use of excessive and unreasonable force in violation of the Eight Amendment brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), battery claims against Buckingham and Cosimini (Count II), assault claims against Buckingham, Cosimini, and Holmes (Count III), and intentional infliction of emotional distress claims

against Buckingham, Cosimini, and Holmes (Count IV).  Defendants now move to dismiss the state law claims in Counts II, III, and IV.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Stringfellow's state law claims should be dismissed because they were not filed within the statute of limitations period. (Mot. 1).

I. Consideration of Affirmative Defense

Although complaints generally do not address or anticipate affirmative defenses, the statute of limitations "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defenses.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)(quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). The Seventh Circuit has held that it is appropriate to consider the statute of limitations when the relevant dates are "set forth unambiguously" in the complaint. *Id.*

In this case, Stringfellow alleges constitutional violations occurring on June 23, 2012, and August 7, 2012. In addition, even though the court's docket reflects that Stringfellow's initial complaint was file-stamped on March 28, 2014, both parties agree that for purposes of this motion, the complaint was deemed filed once it

4

was delivered to the prison authorities, which occurred on March 18, 2014. (Resp. 6); (Reply 1). Thus, the complaint unambiguously sets forth the relevant dates to rule on the motion to dismiss based on statute of limitation grounds, and the court may consider the statute of limitations defense at this juncture.

II. Statute of Limitations Period

Defendants argue that Stringfellow's state law claims are untimely. (Mot. 1). Pursuant to the Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101 *et seq.*, the limitations period for civil actions against employees of a local governmental entity is one year. 745 ILCS 10/8-101(a). In addition, the statute of limitations can be tolled while a plaintiff pursues his administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); (Resp. 4); (Reply 2). Thus, the statute of limitations period for Stringfellow's state law claims is one year, which was tolled through his pursuit of administrative remedies.

III. Timeliness of Claims

Defendants argue that Stringfellow has not alleged facts to plausibly suggest that he brought his state law claims within the applicable statute of limitations. (Mot.

5

1). Stringfellow contends that the one-year statute of limitations was tolled and did not begin running until he had exhausted his administrative remedies. (Resp. 4). Stringfellow further contends that since his "efforts to pursue his administrative remedies in the Jail persisted into 2013," the one-year statute of limitations on his state law claims "was tolled until at least some time in 2013." (Resp. 5-6). For purposes of the instant motion, both parties agree that Stringfellow's initial complaint was deemed filed on March 18, 2014. (Resp. 6); (Reply 1). Defendants argue that Stringfellow's claims, paired with his allegation that his efforts to exhaustively pursue his administrative remedies "persisted into 2013," (Compl. 8), effectively "leaves over two and [a] half months unaccounted for in his calculations." (Reply 3).

In determining what is required of a plaintiff at the pleading stage, the plaintiff's factual allegations "must be enough to raise a right to relief above a speculative level." *Brooks*, 578 F.3d at 581 (citing *Twombly*, 550 U.S. at 555). Moreover, "if the facts pleaded in the complaint establish that a claim is time barred, . . . a bare allegation of [a defense as to why it is time barred], without more, will not save the claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

In this case, Stringfellow alleges that he "exhaustively pursued his administrative remedies by repeatedly but futilely filing grievances and internal

investigation forms," and that "[h]is efforts in this regard persisted into 2013." (Compl. 8). However, that is the extent of his allegations regarding the tolling of the statute of limitations to pursue administrative remedies. The facts do not show that Stringfellow had exhausted his adminstrative remedies through and until March 18, 2013, which would have tolled the one-year limitation period to give Stringfellow until March 18, 2014 to file.

Stringfellow contends that Defendants have neither demonstrated nor alleged that he had exhausted his administrative remedies prior to March of 2013. (Resp. 6). However, at the pleading stage, it is not the Defendants' responsibility to provide such information if it has not been well-pleaded in the complaint. Even accepting Stringfellow's allegations as true, his bare allegations do not provide sufficient facts to raise a right to relief beyond a speculative level. Without an actual alleged date in 2013, the court cannot determine exactly when the statute of limitations started running. Thus, the complaint on its face does not plausibly show that Stringfellow's pursuit of administrative remedies tolled the statute of limitations to the extent necessary for his complaint to be considered timely filed. Nor has Stringfellow shown that equitable doctrines are applicable in this case. Therefore, Defendants' motion to dismiss the state law claims in Counts II, III, and IV is granted.

## CONCLUSION

Based upon the foregoing analysis, Defendants' motion to dismiss the state law claims in Counts II, III, and IV is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 23, 2015